BOUTALL, Judge.
This is an appeal of the dismissal of defendant Louisiana Department of Transportation and Development from a suit on a single vehicle accident in which a guest passenger was injured.
On July 16,1978 plaintiff-appellant Lizzie Holloway Williams was a guest passenger in a vehicle driven by Catherine Anderson and owned by the community of acquets and gains existing between defendant-appellants Catherine and Frederick Anderson. Mrs. Williams and Mrs. Anderson were traveling on Louisiana Highway 636-3 in LaPlace, when Mrs. Anderson lost control of the vehicle, ran off the road and struck a tree.
Lizzie Williams brought suit for the resulting personal injuries against Mrs. Anderson as driver, her husband, and Commercial Union Assurance Company, their insurer; against Firestone Tire & Rubber Company on the basis of a defective tire; against the Louisiana State Department of Transportation and Development (DOTD) on the basis of a defective road shoulder; and against Brenda Henderson as a partner in the carpool operated by herself and Catherine Anderson.
This cause was consolidated with the suit brought by the Andersons and Commercial Union against Firestone Tire & Rubber Company in which DOTD was also made a party defendant.
Judgment was rendered on June 7, 1983 dismissing Firestone, the DOTD and Brenda Henderson. Defendants the Andersons and Commercial Union Assurance Company were held liable in solido in the amount of $75,000.00 for pain and suffering and disability, and in the amount of $22,000.00 for lost wages and past medical expenses of Lizzie Williams.
Plaintiff Lizzie Williams and defendant-third party plaintiffs, Frederick Anderson, Catherine Anderson and Commercial Union Assurance Company appeal the dismissal of defendant the DOTD.
Appellants assign the following as Errors:
“I It was manifest error for the trial court to disregard the expert opinion of Dwayne T. Evans (by deposition) in arriving at judgment in this case.
IIHad the Court given the proper weight to the deposition testimony of Dwayne T. Evans and in light of the jurisprudence, it was error for the trial court to dismiss the Louisiana Department of Transportation and Development.
III It was manifest error for the trial court to find that the defective highway was not a substantial cause of the accident.
IV It was manifest error for the trial court to hold that the driver, Catherine Anderson, was the sole and proximate cause of the accident in question.
VIt was manifest error for the trial court to find that the inadvertant straying from the highway of Catherine Anderson precluded any basis for liability on the part of the Department of Transportation and Development.”
Appellants argue that a trial court is required to accord great weight to the testimony of an expert and that the court may reject it only if it concludes that the reasons given in support are unsound. Thus they argue that the trial court erred by disregarding the expert testimony of Mr. Dwayne T. Evans, a well-qualified expert in the field of traffic engineering, who testified that the road shoulder was defective and that this defect was the proximate cause or cause in fact, of the accident.
The settled jurisprudence is that expert testimony is to be weighed by the trier of fact in the same manner as other evidence. Necaise v. Vicknair, 391 So.2d 1347 (La.App. 4th Cir.1980); Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir. 1976). See also State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972). The trial judge is not bound by expert testimony. He may sub *669 stitute his own common sense and judgment for that of an expert witness where in the opinion of the trier of fact such substitution appears warranted by the testimony as a whole. Newitt v. Hospital Corporation of Louisiana, 417 So.2d 391 (La.App. 5th Cir.1982).
It is clear from the record that the trial judge took into consideration all of the testimony and evidence including Mr. Evans’s deposition. In pertinent part the judgment appealed from reads:
“2. The road shoulder was defective but it was not a proximate cause or cause in fact of the accident.
3. Catherine Anderson was negligent and her negligence was the proximate or cause in fact of the accident.”
In his Reasons for Judgment the trial judge states that he reached these conclusions based on the deposition testimony of Mrs. Anderson that she lost control of her vehicle before it went off the road; that there were no ruts or defects that prevented her from regaining control; that she did not travel completely off of the road before hitting the tree; and that when she went off of the road she immediately hit the tree. He also took into consideration the testimony of Mrs. Williams, the vehicle’s passenger, that the car ran off the road right into the tree, and Police Lt. Walker, the investigating officer, who said that the skid marks indicated Mrs. Anderson ran directly off of the road into the tree and there was no indication of the vehicle attempting to get back onto the roadway.
From this testimony and Mr. Evan’s deposition, the trial judge found the following facts:
“1. Anderson lost control of the vehicle while driving on the paved portion.
2. There was no defect of the paved portion to cause her to lose control of the car.
3. The physical evidence and the rather contradictory statements of the driver and the passenger establishes that the vehicle ran directly off the roadway and shoulder and hit the tree and that at no time did the driver attempt to reenter the paved portion from the shoulder.
4. The shoulder of the roadway was defective.”
The trial court obviously considered the expert’s testimony but concluded it was not of great weight when compared with other evidence and testimony.
Appellants also urge that the trial court erroneously found that the proximate cause of the accident was the sole negligence of Catherine Anderson, and not the defective road shoulder.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973), at p. 724, the Supreme Court held: “When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error .... ” Furthermore, the court held that a reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and infer-' enees are as reasonable.
The only evidence presented in favor of appellant’s proposition that it was the defective road shoulder that caused Mrs. Anderson to lose control of her vehicle is Mrs. Anderson’s trial testimony, which contradicts her deposition testimony.
Even the conclusions of the expert traffic engineer, Mr. Dwayne Evans, that the condition of the shoulder contributed to the accident is cast into doubt by the following testimony taken from his deposition:
“Q. Do you know if the Anderson vehicle ever tried to return to the travel ■ portion of the road once it left the travel portion?
A. I don’t know. There were no indications that it did.
*670 Q. You read the deposition of Catherine Anderson?
A. Yes.
Q. Isn’t it true that in her deposition she relates losing control of the car while she was on a perfectly smooth surface of the roadway?
A. She indicated that, yes.
Q. And that she went directly into the trees and never tried to come back to the roadway.
A. I don’t know what her exact words were, but she went — there’s other evidence that indicates that she went toward the tree and never swerved back or never was able to swerve back; whether she tried, I’m not sure.”
Considering all of the evidence presented, there was ample evidence before the trial court which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for the trial court’s findings. We find no manifest error.
The Judgment is affirmed.